L. C. HAWKINS *v.* STATE.

163 So. 133.
Opinion Filed September 21, 1935.

*Lambdin & Ramseur,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error, a negro boy eighteen years of age, was convicted of the crime of manslaughter.

The record shows that there was a collision between the automobile driven by the plaintiff in error and one driven by an aged white man by the name of Perry. The Perry car was overturned; Perry was injured and died.

It is impossible to tell from the record which, if either, of the drivers of the automobiles was most at fault. It is sufficient, however, for us to say that the evidence as disclosed by the record fails to establish any negligent conduct on the part of the plaintiff in error in the operation of the automobile which he was driving. The witnesses for the State testified unequivocally that he was driving the automobile slowly and carefully. There is no reasonable explanation in the record as to why the collision occurred. It is evident that the jury was influenced in returning the verdict of guilty other than proof of criminal negligence on the part of the accused.

The law casts no presumption of negligence on the driver of an automobile which is involved in collision with another automobile. The burden is on the State in such cases, where such driver is prosecuted for unlawful homicide, to prove culpable negligence and that such negligence resulted in the collision causing the death of the deceased. In this case the State failed to meet this burden and the judgment must be reversed.

It is so ordered.

Judgment reversed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.